Filed 6/3/22  P. v. Woods CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C087859 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F00551) |
| v. | OPINION ON TRANSFER |
| MONTRELL WOODS, | |
| Defendant and Appellant. | |

This case returns to us following remand to the trial court to exercise its discretion as to whether to strike defendant Montrell Woods's firearm enhancement under Penal Code[1] section 12022.53, subdivision (d) pursuant to the trial court's authority under Senate Bill No. 620 (2017-2018 Reg. Sess.) and the associated amendment to section 12022.53, subdivision (h), effective January 1, 2018.  (*People v. Woods* (2018) 19 Cal.App.5th 1080, 1090-1091.)  Section 12022.53, subdivision (h) gives trial courts discretion to "strike or dismiss" a section 12022.53 enhancement "in the interest of justice pursuant to [s]ection 1385 and at the time of sentencing . . . ."

---

[1]     All further section references are to the Penal Code unless otherwise specified.

1

At resentencing, the trial court declined to strike the enhancement. Defendant contends the trial court abused its discretion in two ways: (1) in failing to recognize its discretion to impose a lesser firearm enhancement in lieu of the 25-years-to-life enhancement under section 12022.53, subdivision (d) in the interests of justice, as stated in *People v. Morrison* (2019) 34 Cal.App.5th 217; and (2) based on a serious mistake of law and fact regarding the impact of the enhancement on the timing of defendant's first youthful offender parole hearing. We reverse.

In an unpublished opinion, we initially affirmed and agreed with *People v. Tirado* (2019) 38 Cal.App.5th 637 that, in considering whether to strike the section 12022.53, subdivision (d) enhancement, the trial court did not have discretion to impose a lesser firearm enhancement under section 12022.53, subdivisions (b) and (c). (*People v. Woods* (Jan. 10, 2020, C087859) [nonpub. opn.].) Thereafter, our Supreme Court issued *People v. Tirado* (2022) 12 Cal.5th 688, reversing the foregoing *Tirado* opinion and agreeing with *Morrison*, concluding, "[w]hen an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed . . . the court may . . . impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, 12 Cal.5th at pp. 697, 700.) Our Supreme Court then transferred this matter back to us with directions to vacate our prior unpublished decision and reconsider the cause in light of its opinion. The parties filed no supplemental briefs following transfer.

Having reconsidered the matter, we reverse the judgment and remand for resentencing. Because we conclude the trial court misunderstood the scope of its discretion to impose a lesser firearm enhancement, we do not reach defendant's secondary argument that the trial court made a serious mistake of law and fact regarding the impact of the enhancement on the timing of defendant's first youthful offender parole hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

Due to the limited issues on appeal, we do not discuss the background facts of the case at length. Suffice it to say defendant "shot Kenny Hernandez to death during a confrontation between the two men at an apartment complex." (*People v. Woods*, *supra*, 19 Cal.App.5th at p. 1082.) Defendant was charged with murder and being a felon in possession of a firearm. It was further alleged he used, and intentionally and personally discharged a firearm, and thereby proximately caused great bodily injury or death under section 12022.53, subdivisions (b), (c), and (d). With regard to the enhancement, the jury was instructed to consider only whether the allegation was true under section 12022.53, subdivision (d).

The jury found defendant guilty of second degree murder and being a felon in possession of a firearm. The jury further found true the enhancement under section 12022.53, subdivision (d).

We affirmed the judgment on appeal but remanded the case to the trial court to exercise its discretion as to whether to strike the firearm enhancement, as provided in section 1385 and the amendment to section 12022.53, subdivision (h) under Senate Bill No. 620. (*People v. Woods*, *supra*, 19 Cal.App.5th at pp. 1090-1091.)

Prior to the resentencing hearing, the trial judge requested the following information from the California Department of Corrections and Rehabilitation (the department): (1) defendant's "activity/status in prison since his original sentencing"; (2) "factors in mitigation/aggravation applicable to whether to dismiss the 25-years-to-life firearm enhancement" and the department's reasons for recommending the enhancement be imposed; and (3) when defendant would be eligible for parole review under section 3051 for youthful offenders if the enhancement was not imposed. As to the last question, the department responded that defendant would be eligible for parole review under section 3051, subdivision (b)(2) for youthful offenders during his 20th year of incarceration if the enhancement was not imposed.

3

At the resentencing hearing, prior to the parties' arguments, the trial judge said: "I would just observe unfortunately, I would characterize it, the court's decision is all or nothing. This is either an additional term of 25 years to life or no enhancement." The judge discussed the factors in mitigation, including defendant's developmental disabilities, and that he had been discipline free, participated in programs, and worked during incarceration. The judge then said: "I'm nevertheless not striking the enhancement." He explained: "I do not find it in the interest of justice to strike the enhancement because of the nature of the crime and, the court's view, having listened to the evidence at trial that possession of a firearm was central to this murder."

The decision was more complex than a "but for" analysis, the judge said. "[Defendant] was on probation at the time. He had a felony conviction. He was not supposed to have any firearms or ammunition on him. [The judge] just d[id]n't think this encounter that started off as just the rough-and-tumble encounters of life would have escalated into a confrontation and a shooting had [defendant] not been carrying the firearm." After reviewing and discussing the facts of the case, the judge reiterated: "I just don't think this would have led to a shooting had [defendant] not been carrying a gun in violation of law and his conditions on probation." "So based on that, [the] tentative decision w[as] to reimpose the same sentence that was imposed before."

The judge gave counsel an opportunity to argue their positions. When the prosecutor said, "[s]o in essence, the 15 to life or 40 to life, the 40 to life doesn't mean anything because of the automatic parole reviews that juveniles now get," defense counsel responded: "My understanding is that there is a separate procedure for somebody who committed an offense as a juvenile. When this occurred, [defendant] was not a juvenile, so he would not be avail [*sic*] of the same things that a juvenile offender would be." The judge responded: "Under Penal Code section 3051[, subdivision] (b)(3), as I read it, he would be eligible for parole review after 25 years, regardless of the sentence that I impose. Is that your reading, [prosecutor]?" The prosecutor said, "[y]es."

4

The judge continued: "So you're right. He's not a juvenile, but the Legislature has also viewed younger offender older than juveniles." Defense counsel said: "There's also another one for juveniles and that's what -- I was confusing that." The judge responded: "My understanding is [defendant] would be eligible for parole review 25 years into his sentence." Defense counsel did not disagree with the trial court's statement.

The court sentenced defendant to 15 years to life for the murder and to a consecutive term of 25 years to life for the firearm enhancement found true under section 12022.53, subdivision (d).

Defendant appeals.

DISCUSSION

Defendant contends the trial court misunderstood the scope of its discretion and requests that we remand for the trial court to consider whether to substitute a lesser enhancement under section 12022.53, subdivisions (b) or (c) for the greater enhancement under subdivision (d) of the statute. We agree.

In *Tirado*, our Supreme Court explained the "statutory framework" of section 12022.53, as amended by Senate Bill No. 620 (2017-2018 Reg. Sess.), provides trial courts with the discretion to strike a firearm enhancement found true by the jury and to impose a lesser uncharged statutory enhancement instead. (*People v. Tirado*, *supra*, 12 Cal.5th at p. 692.) "To summarize: When an accusatory pleading alleges and the jury finds true the facts supporting a section 12022.53(d) enhancement, and the court determines that the section 12022.53(d) enhancement should be struck or dismissed under section 12022.53(h), the court may, under section 12022.53(j), impose an enhancement under section 12022.53(b) or (c)." (*Tirado*, at p. 700.) "[T]he Legislature has permitted courts to impose the penalties under section 12022.53(b), (c), or (d) so long as the existence of facts required by the relevant subdivision has been alleged and found true." (*Tirado*, at p. 702.)

5

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court.  [Citations.]  A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citation.]  In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)  "Relief from a trial court's misunderstanding of its sentencing discretion is available on direct appeal when such misapprehension is affirmatively demonstrated by the record." (*People v. Leon* (2016) 243 Cal.App.4th 1003, 1026.)

Here, the record affirmatively demonstrates the trial court's misapprehension.  The trial court expressly stated it "unfortunately" had to impose "all or nothing," meaning "an additional term of 25 years to life or no enhancement."  We thus cannot conclude the trial court would have reached the same decision had it been aware of its discretion to impose a section 12022.53, subdivision (b) or (c) firearm enhancement, and remand the matter again for the trial court to decide whether to exercise its discretion pursuant to section 1385 as to the section 12022.53, subdivision (d) enhancement, as set forth in our Supreme Court's *Tirado* decision.

In light of remanding the matter, we need not and do not address defendant's secondary argument the trial court made a serious mistake of law and fact regarding the impact of the enhancement on the timing of defendant's first youthful offender parole hearing.

## DISPOSITION

The judgment is reversed as to defendant's sentence and the matter remanded for resentencing.

/s/
Robie, Acting P. J.

We concur:

/s/
Mauro, J.

/s/
Renner, J.

7